IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-00973-PSF-OES

JOHNNY D. WADKINS,

      Applicant,

v.

AL ESTEP, and
KEN SALAZAR, The Attorney General of the State of Colorado,

      Respondents.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE
## DATED OCTOBER 28, 2005

---

      This matter comes before the Court on the 29-page Recommendation of

Magistrate Judge Schlatter entered on October 28, 2005 (Dkt. # 23), in which he

recommended denial of plaintiff's Application for a Writ of Habeas Corpus filed on April

12, 2004.  On November 7, 2005, plaintiff filed a Motion for Enlargement of Time to File

Objection to the Recommendation (Dkt. # 24), requesting additional time through

December 5, 2005.  The Motion for Enlargement of Time was referred to the Magistrate

Judge, but before being ruled upon, plaintiff timely filed his Objection to the

Recommendation on November 18, 2005 (Dkt. # 26).  Accordingly, the reference to the

Magistrate Judge of the Motion for Enlargement of Time is withdrawn, and the Motion is

DENIED as moot.  The matter is now ripe for determination by this Court.

      Plaintiff's application for a writ under 28 U.S.C. § 2254 arises from his criminal

conviction in the District Court of Otero County, Colorado in 1993.  As described by the

Magistrate Judge, plaintiff's application essentially raises seven different claims as asserted bases for the issuance of the writ.[1]   The Magistrate Judge methodically and thoroughly set forth each of the seven claims, the factual background relating to each claim, the legal principles raised by applicant in support of each claim, and concluded that none of the claims provided a basis for the relief sought by applicant.

In his Objection to this Court, applicant articulately, judiciously and specifically challenges the Magistrate Judge's recommendations as to three of his claims–claim one (Objection at 5 through 8), claim four (Objection at 8 through 9), and claim seven (Objection at 9 through 12).  (Indeed, the Objection appears to have been ghostwritten by a lawyer, contrary to this Court's rules and case law.)  Applicant makes general challenges to the denial of an evidentiary hearing by the Magistrate Judge (Objection at 12-13), to the denial of the appointment of counsel in this case (Objection at 13) and to the standard of review applied by the Magistrate Judge (Objection at 4).

As the Magistrate Judge sufficiently set forth the background of each claim, it will not be repeated here.  The Court will only describe those claims as to which applicant has made specific objections.  Suffice it to say that plaintiff's first claim in his application challenges the jury instruction given with respect to his asserted insanity defense; the fourth claim challenges the sufficiency of evidence to support the jury's conviction of plaintiff for possession of a weapon by a previous offender in violation of C.R.S. § 18-12-108; and the seventh claim asserts ineffective assistance of counsel.

---

[1]   Although the application lists nine claims for relief, the seventh, eighth and ninth claims each assert ineffective assistance of counsel, which the Magistrate Judge treated together in his Recommendation.

The Court has carefully reviewed on a *de novo* basis the Magistrate Judge's Recommendation, the entire record as submitted by the parties, and the Objections filed by applicant.  For the reasons set forth below, the Recommendation is ACCEPTED, plaintiff's Application for a writ of habeas corpus is DENIED, and this case is DISMISSED with prejudice.

The Court reviews the applicant's request for a writ of habeas corpus, and the Recommendation of the Magistrate Judge, starting from the premise that the relief requested in this case is only available if the applicant shows that the state court decision he is challenging was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or  "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1) and (2). In other words, this Court does not sit as a super-state appellate court providing yet another layer of review of state law in a case already reviewed by the state's highest appellate court.  *See e.g. Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983), *cert. denied*, 469 U.S. 873 (1984).  The statute also provides a presumption of correctness to any factual finding made by the state court, and places the burden on the applicant to rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

As noted, plaintiff's first claim challenges the jury instruction given by the district court relating to applicant's insanity defense, arguing that the instruction improperly shifted the burden of proof on insanity to the applicant.  The instruction as quoted in the

Recommendation of the Magistrate Judge at 8, and as quoted in the decision of

the Colorado Court of Appeals which affirmed plaintiff's conviction (Exhibit E to

Respondents' Answer at 2), is the standard instruction on the insanity defense that has

been employed in Colorado for more than 30 years.  The language of the instruction

was expressly approved by the Colorado Supreme Court in *Salas v. People*, 181 Colo.

321, 325, 509 P.2d 586, 587 (1973).

Nonetheless, applicant apparently challenges the first sentence of the instruction

which provides: "The law presumes everyone to be sane."  The presumption of sanity is

a rebuttable presumption, and the Supreme Court of the United States has so treated it

since the decision in *Davis v. United States*, 160 U.S. 469, 486 (1895).   In Colorado

the cases and statutes provide that while there is a presumption of sanity, once a

criminal defendant presents some credible evidence of insanity, the burden shifts to

the prosecution to prove the defendant's sanity beyond a reasonable doubt.  *See*

C.R.S. § 16-8-105(2)*; People v. Serravo*, 823 P.2d 128, 140 (Colo. 1992).  As the

Magistrate Judge correctly found, the insanity defense instruction given in this case

did not unconstitutionally shift the burden of proving insanity to the applicant, but when

viewed as a whole placed the burden squarely on the prosecution to prove applicant's

sanity.

In his Objection to this Court, applicant argues that once some evidence of

Mr. Wadkins' insanity has been put forth, the presumption became legally irrelevant

to the jury's deliberation on this matter (Objection at 6).  However, applicant cites no

authority for this proposition.

In his Traverse to the Respondents' Answer, applicant made the same argument citing to *People v. Johnson,* 180 Colo. 177, 503 P.2d 1019, 1020 (Colo. 1972), although he does not cite this case in his Objection.  *See* Traverse at 6.  Nonetheless, the Court has reviewed that decision and finds that it does not support the proposition for which applicant cited it in his Traverse.  The *Johnson* case simply states that: "The prosecution takes the position that the presumption of sanity retains its vitality until some evidence to the contrary is presented.  We agree with the prosecution." 180 Colo. At 197, 503 P. 2d at 1020.  Thus, nothing in that case holds that reference in a jury instruction to the initial presumption of sanity constitutes error once some evidence is submitted by the defendant of insanity.

Rather, what the law holds, as stated by the *Davis* decision, *supra*, and by Colorado statute and case law, is that there is a rebuttable presumption of sanity, and the ultimate burden of proof once some evidence of insanity is presented is borne by the prosecution.  This is precisely how the jury was instructed in applicant's case. There is no merit to his first claim.

Applicant's fourth claim challenges the sufficiency of the evidence to support his conviction of possession of a weapon by a previous offender.  In a habeas proceeding where a state prisoner challenges the sufficiency of the evidence supporting a conviction, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The applicant here essentially argues that there was insufficient evidence to establish that he was in "possession" of the weapon (*see* Traverse at 12).  The Magistrate Judge's Recommendation details the evidence offered at trial relating to applicant's conviction on this charge, which need not be repeated here, and concludes that based on such evidence a rational trier of fact could have found beyond a reasonable doubt that the applicant possessed, used or carried a firearm.  A similar marshaling of the evidence on this issue was made by the Colorado Court of Appeals and it was deemed sufficient to uphold the conviction (Exhibit D to Respondent's Answer).

In his Objection to this Court, applicant argues that the Magistrate Judge gave more weight to some of the testimony while at the same time ignoring other parts of the evidence cited to by applicant (Objection at 8).  That may be so; but the jury at applicant's trial may well have done the same thing in reaching a verdict of guilty.  It is not for a judicial officer, when ruling on a habeas application, to second guess a jury's verdict, or to weigh conflicting evidence, or consider credibility of witnesses at trial. *See Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996).  Rather, when faced with a record of historical facts that supports conflicting inferences, the court reviewing a habeas application "must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.*  Likewise, under 28 U.S.C. § 2254(e)(1), the presumption of correctness attaches to any fact found by the state court.  On the state of the record, this Court cannot say that no rational trier of fact could have found the

6

essential elements of the crime of possession of a weapon by a previous offender beyond a reasonable doubt.  Thus, there is not merit to applicant's fourth claim.

Applicant's seventh claim asserts a denial of effective assistance of counsel, allegedly because his trial counsel failed to procure the testimony of his ex-wife at trial, failed to obtain a second psychiatric examination of applicant, and failed to assert that the time restriction of C.R.S. § 16-5-402(1), which precludes collateral attacks upon a felony conviction after three years, only began to run in applicant's case after he became a resident of Colorado.

As the Magistrate Judge correctly found, these are the exact claims of ineffective assistance of counsel which applicant raised in his post-conviction proceedings in the state court, and which the Colorado Court of Appeals rejected in its decision entered August 28, 2003 (Exhibit R to Respondents' Answer).  To reiterate, the applicant is not entitled to habeas relief unless the state court's decision was contrary to clearly established federal law or involved an unreasonable application of controlling law. No such showing has been made as to this Colorado Court of Appeals ruling.

There is no dispute that the Colorado Court of Appeals analyzed applicant's claims of ineffective assistance of counsel under the federal law set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See* Exhibit R at 2-3.  The Recommendation of the Magistrate Judge meticulously reviews the analysis of the Colorado Court of Appeals in rejecting applicant's claims of ineffective assistance of counsel under the *Strickland* standards, and concludes that there is no showing that the court unreasonably applied the controlling federal law (Recommendation at 27-28).

7

Applicant's objections to this Court are merely a repeat of the arguments he has made previously.  They do not demonstrate, as applicant must show to obtain the relief he seeks, that the decision of the Colorado Court of Appeals was contrary to established federal law, or was an unreasonable application of controlling federal law.

Applicant also argues in his Objection that no court was qualified to make an assessment of whether another psychiatric examination of applicant by an unbiased mental health expert would have changed the outcome of applicant's sanity trial (Objection at 12, ¶ 32).  But under *Strickland v. Washington*, *supra*, this is precisely what the courts must do.  It is incumbent that they consider not only whether counsel made errors, but also whether the alleged deficient performance prejudiced the defense.  466 U.S. at 687.  Here, the Colorado Court of Appeals did exactly that. It noted and weighed the fact that the opinion of the doctor who examined applicant, as well as the opinions of two other doctors, were unfavorable to applicant's defense. Exhibit R at 4-5.  Based on such information, it concluded that there was no error in not seeking an additional evaluation and that such decision was reasonable.  *Id.*  This is not an unreasonable application of the controlling federal law.  Thus, there is no merit to applicant's seventh claim.

As noted, applicant also objects to the failure of the Magistrate Judge to conduct an evidentiary hearing (Objection at 12-13, ¶¶ 35, 36).  Whether this point relates solely to his claim regarding ineffective assistance of counsel, or relates to his application as a whole, is unclear from the language of the Objection.

Nonetheless, the case cited by applicant, *Dever v. Kansas State Penitentiary*, 36 F.3d 1531 (10th Cir. 1994), addresses the need, if any, for a hearing in the context of an ineffective assistance of counsel claim.  *Dever* reiterates that an evidentiary hearing is required only if the facts are in dispute and the applicant did not receive a full and fair evidentiary hearing in state court. 36 F.3d at 1535.  Here, the record reflects that applicant did receive a full and fair hearing in the state court on his claim of ineffective assistance of counsel.  *See* Order of Judge Kolomitz dated August 29, 2001, attached as Appendix A to Exhibit O to Respondents' Answer.  Moreover, there is no showing here that the facts regarding applicant's claim of ineffective assistance of counsel were in dispute.  His Objection does not set forth any asserted disputed facts, as opposed to conclusions, nor does it argue that a full and fair hearing was not had in the state court.  Under such circumstances, there is no need for an evidentiary hearing and there is no error in refusing to conduct an evidentiary hearing.

Similarly, 28 U.S.C. § 2254(e)(2) provides the circumstances under which a federal court may conduct a hearing on a state court habeas petition such as the applicant's.  None of the criteria required to conduct such a hearing has been shown or argued by applicant here.  Accordingly, no evidentiary hearing is required or even permitted.

Finally, applicant appears to argue that an evidentiary hearing should have been held by the Magistrate Judge on his request for appointment of counsel (Objection at 13).  The denial of applicant's request for appointment of counsel occurred in an order entered by the Magistrate Judge on July 30, 2004 (Dkt # 17).  The record reflects no

9

objection having been taken from that order.  Accordingly, even if the order denying applicant's request for appointment of counsel were subject to review for failure to conduct an evidentiary hearing, applicant's current objection is untimely.

But in any event, there was no obligation for the Magistrate Judge to seek counsel for applicant.  In his well-reasoned order of July 30, 2004, the Magistrate Judge set forth the reasons why he was not seeking counsel for applicant.  This order plainly considered all the criteria listed in *Loftin v. Dalessandri*, 3 Fed. Appx. 658, 663-64 (10th Cir. 2001), cited by applicant, as grounds for not requesting counsel for a civil plaintiff.  There was no need for an evidentiary hearing on applicant's request for appointment of counsel.

All other claims, issues and arguments of the applicant have been considered by the Court and are deemed to be without merit.

**CONCLUSION**

Applicant's Motion for Enlargement of Time to File Objection to the Recommendation (Dkt. # 24) is DENIED as moot.

Applicant's Objection to the Recommendation of the Magistrate Judge (Dkt. # 26) is OVERRULED.

Applicant's application for writ of habeas corpus is DENIED and this case is DISMISSED with prejudice.

Applicant shall notify the Court in writing within 14 days of the identity of the person who assisted him, if any, in the preparation of his Objection, and whether the individual is a lawyer and the terms and conditions of the individual's assistance.

In the alternative, if the individual is a lawyer, he or she shall self-identify to the Court in writing within 14 days.

DATED: November 29,  2005

BY THE COURT:

*s/ Phillip S. Figa*

_____

Phillip S. Figa
United States District Judge