## United States Court of Appeals for the Tenth Circuit
### OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

**Elisabeth A. Shumaker**
Clerk of Court

**Douglas E. Cressler**
Chief Deputy Clerk

January 4, 2007

```
F I L E D
UNITED STATES DISTRICT COURT
     DENVER, COLORADO

     JAN 0 4 2007

GREGORY C. LANGHAM
                CLERK
```

Mr. Johnny D. Wadkins
Limon Correctonal Facility
Reg. No. 81150
49030 State Hwy. 71
Limon, CO 80826

Ms. Laurie A. Booras
Mr. John W. Suthers
Attorney General
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

    Re:     06-1505, Wadkins v. Estep
             Dist/Ag docket: 04-cv-973-PSF-OES

Dear Counsel and Petitioner:

    Enclosed is a copy of an order entered today in this case.

    Please contact this office if you have questions.

                            Sincerely,

                            Elisabeth A. Shumaker
                            Clerk, Court of Appeals

                        By:
                              Deputy Clerk

clk:klp

cc:
    Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

| | |
|---|---|
| JOHNNY D. WADKINS,<br><br>Movant,<br><br>v.<br><br>AL ESTEP; JOHN W. SUTHERS,<br>Attorney General of the State of<br>Colorado,<br><br>Respondent. | No. 06-1505 |

A true copy
Teste

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit
By
Deputy Clerk

ORDER
Filed January 4, 2007

Before **HENRY**, **EBEL**, and **McCONNELL**, Circuit Judges.

    Movant Johnny D. Wadkins, a Colorado state prisoner proceeding pro se, has filed a motion seeking authorization to file a second or successive 28 U.S.C. § 2254 habeas petition. We deny authorization.

    In 1993, Mr. Wadkins was convicted by a jury of theft, possession of a weapon by a previous offender, and three habitual criminal counts. He was sentenced to life imprisonment. His conviction was affirmed by the Colorado courts on direct appeal and post-conviction review. He filed his first § 2254 petition in May 2004. He challenged certain jury instructions and evidentiary

rulings; the waiver of his right to testify; the sufficiency of the evidence; and the constitutionality of his prior convictions. He also claimed to have received constitutionally ineffective assistance of counsel. The district court denied his § 2254 petition, and this court denied Mr. Wadkins a certificate of appealability. *Wadkins v. Estep*, 194 F. App'x 502 (10th Cir. 2006).

On December 18, 2006, Mr. Wadkins filed a motion seeking authorization to file another § 2254 petition in district court challenging his 1993 conviction. He seeks to present a claim that the district attorney who prosecuted him had not filed his oath of office with the Colorado Secretary of State and, therefore, lacked authority to represent the state in the prosecution.

To obtain authorization to file a second or successive § 2254 petition, Mr. Wadkins must show that he has not raised his claim in a previous habeas petition, 28 U.S.C. § 2244(b)(1), and that his new claim either "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2244(b)(2)(A), or depends on facts that "could not have been discovered previously through the exercise of due diligence," and that would establish by clear and convincing evidence that "no reasonable factfinder would have found [him] guilty of the underlying offense," *id.* § 2244(b)(2)(B). Mr. Wadkins bases his request for authorization on a claim of new evidence, asserting that he only recently requested and received

information from the Colorado Secretary of State about the prosecutor's oath of office.

The letter from the Secretary of State included in Mr. Wadkins' motion for authorization does not qualify as newly-discovered evidence because Mr. Wadkins has not met his burden of establishing that this evidence could not have been discovered previously through the exercise of due diligence, nor has he shown that this evidence establishes by clear and convincing evidence that he is not guilty of the offenses.

Accordingly, we DENY Mr. Wadkins leave to file a second or successive § 2254 petition. This denial of authorization is not subject to further review by way of rehearing, appeal, or writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

> Entered for the Court
> ELISABETH A. SHUMAKER, Clerk
>
> By:
> Deputy Clerk